# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| HIBERNATION THERAPEUTICS USA, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 5:18-cv-52 (MTT) |
| HUGH SMISSON III and DAVID FIELD, ) ) | |
| Defendants. ) ) | |

## ORDER

In evaluating the citizenship of an unincorporated association for the purpose of determining whether the Court has diversity jurisdiction (28 U.S.C. § 1332(a)), the Court must consider the citizenship of the association's constituents.[1] In its complaint, Plaintiff Hibernation Therapeutics USA, LLC (HTUSA), a limited liability company, did not sufficiently state the identity and citizenship of its members. *See* Doc. 1 ¶ 3 ("Plaintiff Hibernation Therapeutics USA, LLC ('HTUSA'), is a limited liability company organized and existing under the laws of the State of Delaware."). HTUSA's corporate disclosure statement lists the constituent members of HTUSA, most of which are also unincorporated associations with one incorporated entity; however, although providing the states under whose laws those members are created, the disclosure statement does not state all facts necessary to determine the citizenship of those constituent members.[2]

---

[1] *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) ("[U]nincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332."); *see also Carden v. Akoma Assocs.*, 494 U.S. 185, 195 (1990) (requiring a court to consider the citizenship of all partners of limited partnerships in order to determine whether diversity jurisdiction exists).

[2] "If a partner or member of an unincorporated association is itself an unincorporated association, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 2016 WL 1404163, at *3 (S.D. Fla.) (internal quotation marks and citation omitted). The disclosure statement states that constituent members are "Delaware limited liability companies," but the laws under which those members are organized is not determinative of citizenship. *See generally* Doc. 5. For example, according to the disclosure statement, a constituent of one of HTUSA's constituent members is a corporation and, thus, under 28 U.S.C. § 1332(c)(1), HTUSA is "deemed to be a citizen of every State and foreign state by

*See generally* Doc. 5. Accordingly, the Court hereby **ORDERS** the Plaintiff to file a supplement to its complaint within **14 days**, consisting of one numbered paragraph, that states the facts necessary to determine citizenship of HTUSA and its constituent members. The Defendants need not file a response to such statement unless it contests the assertions of identity and citizenship contained therein.

      **SO ORDERED** this 28th day of March, 2018.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT

---

which [that corporate constituent] has been incorporated and of the State or foreign state where it has its principal place of business."